IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-02094-PAB

ALBERT BARRIENTOS III,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**ORDER**

---

This matter is before the Court on the Complaint [Docket No. 1] filed by plaintiff Albert Barrientos III on July 7, 2025. Plaintiff seeks review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits under Titles II and XVI of the Social Security Act (the "Act"). *See generally* Docket No. 1. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

## I. BACKGROUND

On February 28, 2022, plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XIV of the Act. R. at 16.[1] Plaintiff's application was initially denied on October 4, 2022 and denied on reconsideration on

[1] The record has been submitted across several documents on the docket: Docket Nos. 9-1 to 9-10. The page numbers, found in the bottom, right-hand corner of each page following the index, *see, e.g.*, Docket No. 9-2 at 2, run consecutively across all these documents. The Court will cite this page number when referring to the record.

October 13, 2023. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and the hearing was held on September 12, 2024. *Id.* On October 3, 2024, the ALJ issued a decision denying plaintiff's application. *Id.* at 16-27.

To qualify for disability benefits, a claimant must have "disability insured status." 20 C.F.R. § 404.130(a). To achieve this status, a claimant must be both fully insured and insured for disability. *See* 42 U.S.C. §§ 414(a), 423(c)(1). The ALJ found that plaintiff's alleged onset date for his disability was April 1, 2021 and that plaintiff meets the insured status requirements of the Act through December 31, 2025. R. at 18. The ALJ determined that plaintiff has the severe impairment of headaches. *Id.* After a review of the record, the ALJ found that plaintiff has a residual functional capacity ("RFC") to perform medium work. *Id.* at 21. Specifically, the ALJ found the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can occasionally climb ladders, ropes, or scaffolds, but could frequently climb ramps or stairs, stoop, crouch, kneel, or crawl. He can have occasional exposure to excessive noise and excessive vibration, but no use of moving machinery, and only occasional exposure to unprotected heights. Additionally, he is limited to occupations not requiring the ability to read fine print, drive an automobile, or operate machinery.

*Id.* Based on this RFC, the ALJ found that plaintiff is capable of performing past relevant work as a Stock Clerk, which does not require the performance of work-related activities precluded by plaintiff's RFC. *Id.* at 24.

Plaintiff filed a request for review of the ALJ hearing on December 6, 2024, which was denied on June 13, 2025. *Id.* at 1-5, 193-196. Accordingly, the ALJ's decision is the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). "Substantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 97 (citation and quotation omitted). "The threshold for such evidentiary sufficiency is not high." *Id.* at 103. However, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005)). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. THE FIVE STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(1)–(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. §§ 404.1520(b)–(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity

(RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Plaintiff argues that the ALJ's RFC finding was not supported by substantial evidence. Docket No. 10 at 3. Specifically, plaintiff contends that the ALJ "improperly rejected" plaintiff's testimony that purportedly "demonstrated why he was unable to work due to headaches." *Id.* at 3-4. Plaintiff testified that he experiences daily headaches with symptoms of nausea, mental confusion, dizziness when he stands up, and impaired vision that prevents him from driving, and that his severe headaches last all day and required him to be confined in a cool and dark room. *See id.* at 4-5.

The Court finds that ALJ's RFC finding is supported by substantial evidence and properly accounted for plaintiff's testimony. The ALJ acknowledged plaintiff's testimony, namely, that plaintiff experiences daily headaches which became worse after a car accident in January 2023 and requires that he rest in a cool, dark room. R. at 21. The ALJ, however, found that the medical evidence is inconsistent with plaintiff's testimony regarding the "intensity, persistence and limiting efforts of these symptoms." *Id.*

The ALJ found that plaintiff's medical history demonstrates he experienced headache relief as a result of treatment he was receiving. *See id.* at 21-24. The ALJ cited evidence demonstrating that, in February 2022, plaintiff's headaches were found

to be consistent with a temporomandibular joint ("TMJ") disorder rather than migraines. *Id*. at 22. After seeing a physician to treat his TMJ, the ALJ found that plaintiff underwent osteopathic manipulative treatment ("OMT") which resulted in subsequent improvement. *Id.* While plaintiff underwent three to four OMT visits that did not result in improvement in April 2022, the ALJ found that plaintiff reported improvement in May 2022 after his last treatment, medication change, and use of a Transcutaneous Electrical Nerve unit on his neck. *Id.* The ALJ found, by September 2022, plaintiff reported a significant improvement after wearing a customized mouth splint. *Id.* While acknowledging that plaintiff still reported pain and had some days that were worse than others, the ALJ found that plaintiff reported improvement overall. *Id.*

Following the January 2023 car accident, the ALJ found that plaintiff had a visit with his primary provider in July 2023 where he reported that his headaches were non-responsive to TMJ treatment, physical therapy, or Botox. *Id.* The ALJ also noted that plaintiff tries not to take medication, despite it helping in the past, because he did not like the way the medication made him feel. *Id.* At a visit with a neurologist in April 2024, the ALJ found that plaintiff had declined new medication and was referred to a headache specialist. *Id.* at 23. From June 2024 through September 2024, the ALJ found that plaintiff again started receiving OMT therapy and dry needling therapy. *Id.* Based on plaintiff's medical history, the ALJ found that "treatment, while varied, is conservative" and "support the restriction to work at the medium exertional level." *Id.* Furthermore, the ALJ found that plaintiff's activities of daily living "also indicate that he is not as impaired as he has alleged." *Id.*

Throughout plaintiff's medical history, the ALJ noted that neurological examination and imaging results were "largely normal or show only mild findings." *Id.* Plaintiff argues that the ALJ's findings are inconsistent, arguing that, "[o]n one hand, the ALJ suggested the examination findings and imaging evidence were insignificant and supported rejecting Plaintiff's testimony, while at the same determined this very evidence was indeed significant, thereby providing a reason to impose greater headache-related restrictions." Docket No. 10 at 10. The Court disagrees that the ALJ's finding regarding examination and imaging results are inconsistent. The ALJ noted that the plaintiff's largely normal imaging and examination results, in the context of plaintiff's medical history, cut against plaintiff's testimony regarding the severity and debilitating nature of his headaches. *See* R. at 23. Based on this evidence, the ALJ found that plaintiff could work at a medium exertion level, but also found plaintiff's RFC to include "more restrictive postural and environmental limitations," relying on the examination and imaging results in part. *See id.* at 23-24. The fact that the ALJ found the examination and imaging results to be largely normal, therefore undermining plaintiff's testimony regarding the severity of his headaches, was not inconsistent with the ALJ's conclusion that there were nevertheless some "mild findings" that supported additional limitations to plaintiff's RFC. *See id*. Additionally, as described above, the ALJ did not consider the examination and imaging results in isolation but rather considered plaintiff's medical history as a whole in reaching his RFC finding.

Plaintiff argues that the testimony of vocational expert Michelle Bishop also demonstrates error in the ALJ's RFC finding. *See* Docket No. 10 at 12-13. Ms. Bishop testified that an employer would on average only tolerate an absence of one day per

month. R. at 60. Given Ms. Bishop's testimony and plaintiff's testimony that his headaches "last all day" and would therefore "prevent his ability to remain employed," plaintiff argues that the ALJ erred in finding that plaintiff was capable of performing relevant past work as a stock clerk. *See* Docket No. 10 at 12-13. However, as discussed above, the ALJ relied on substantial evidence in coming to the conclusion that plaintiff's testimony, and therefore his credibility, was undermined by the medical evidence. Furthermore, the ALJ accounted for Ms. Bishop's testimony, noting her testimony that a hypothetical individual with plaintiff's age, education, work experience, and RFC "would be able to perform [plaintiff's] past work as a stock clerk as the work is generally performed in the national economy." R. at 25.

Plaintiff also argues that the ALJ's RFC finding was erroneous because it failed to comply with Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, SSR 96-8P (S.S.A. July 2, 1996) ("SSR 96-8p"). *See* Docket No. 10 at 14-17. SSR 96-8p discusses the elements that must be considered in determining an individual's RFC. Plaintiff argues that the ALJ adding various restrictions to plaintiff's RFC shows that his headaches are so severe as to preclude employment. *See id.* The Court rejects this argument because, as discussed above, the ALJ's RFC finding was supported by substantial evidence. As also noted above, it was not inconsistent for the ALJ to find that plaintiff has an RFC to perform medium work, while at the same time finding that plaintiff requires additional limitations in light of the medical evidence. *See* R. at 21-24.

Finally, plaintiff argues that the ALJ erred by "failing to conduct an evaluation of Plaintiff's headaches consistent" with the requirements of SSR 19-4p; Titles II & XVI: Evaluating Cases Involving Primary Headache Disorders, SSR 19-4P (S.S.A. Aug. 26,

2019) ("SSR-19-4p"), which provides guidance on evaluating cases involving primary headache disorders. *See* Docket No. 10 at 17-19. Plaintiff contends that the ALJ failed to comply with SSR 19-4p because he did not credit plaintiff's testimony regarding the severity of his headaches. *See id.* However, as the Commissioner notes, SSR 19-4p does not require the ALJ to credit plaintiff's subjective complaints of his headaches. *See* Docket No. 12 at 13. Rather, SSR 19-4p requires courts to consider "objective medical evidence" and notes that "[c]onsistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC." *See* SSR 19-4p, at *5, 8. The ALJ followed the guidance of SSR 19-4p by evaluating the objective medical evidence on the record, finding that the medical evidence supported the ALJ's RFC finding and that plaintiff's subjective complaints lacked support from the record.

Accordingly, the Court finds that the ALJ's determination that plaintiff has an RFC to perform medium work with additional restrictions is supported by substantial evidence. The Court declines to reweigh plaintiff's evidence regarding his headaches to conclude that the ALJ's RFC determination was deficient. *See Flaherty*, 515 F.3d at 1070.

## V. CONCLUSION

Therefore, it is

**ORDERED** that the decision of the Commissioner that claimant is not disabled is **AFFIRMED**. It is further

**ORDERED** that this case is closed.

DATED September 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge